# UNITED STATES DISTRICT COURT

Middle District of Tennessee

UNITED STATES OF AMERICA
v.
JIMMY RAY NEAL

## JUDGMENT IN A CRIMINAL CASE

Case Number: 2:22-cr-00013

USM Number: 03216-510

Jonathan Farmer
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s) 1, 2, 3 and 4 of the Indictment

☐ pleaded nolo contendere to count(s) ____________
which was accepted by the court.

☐ was found guilty on count(s) ____________
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(A)(a) (2), (b) | Receipt of visual depictions of minors engaged in sexually explicit conduct | 8/31/2021 | 1 |
| 18 U.S.C. § 2252(A)(a) | Receipt of visual depictions of minors engaged in sexually | 8/31/2021 | 2 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____________

☐ Count(s) ____________ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/2/2026
Date of Imposition of Judgment

Eli Richardson
Signature of Judge

Eli Richardson, United States District Judge
Name and Title of Judge

October 6, 2026
Date

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER· 2 22-cr-00013

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| (2), (b) | explıcit conduct | | |
| 18 U S C § 2252(A)(a) | Receipt of vısual depıctıons of mınors engaged ın | 8/31/2021 | 3 |
| (2), (b) | sexually explıcıt conduct | | |
| 18 U S C § 2252(A)(a) | Receıpt of vısual depıctıons of mınors engaged ın | 8/31/2021 | 4 |
| (2), (b) | sexually explıcıt conduct | | |

DEFENDANT. JIMMY RAY NEAL
CASE NUMBER. 2 22-cr-00013

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of.
90 months - 90 months on each of the four counts to run concurrent with each other

☑ The court makes the following recommendations to the Bureau of Prisons

Designation to FMC Lexington if appropriate
Participation in RDAP if appropriate
Sex offender treatment

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district·

☐ at ______________ ☐ a m ☐ p.m. on ______________ .

☐ as notified by the United States Marshal

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

☑ before 2 p.m on 10/23/2026 .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office

# RETURN

I have executed this judgment as follows.

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment

______________
UNITED STATES MARSHAL

By ______________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER: 2.22-cr-00013

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of.

10 years

## MANDATORY CONDITIONS

1 You must not commit another federal, state or local crime
2. You must not unlawfully possess a controlled substance.
3 You must refrain from any unlawful use of a controlled substance You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse *(check if applicable)*
4 ☑ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution *(check if applicable)*
5 ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6 ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U S C § 20901, *et seq* ) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense *(check if applicable)*
7 ☐ You must participate in an approved program for domestic violence *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER: 2 22-cr-00013

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so, considering your disability status with the Department of Veteran's Administration and any other circumstances likewise supporting excusal If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change
8. You must not communicate or interact with someone you know is engaged in criminal activity If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i e , anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www uscourts.gov.

Defendant's Signature ______________________ Date ______________

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER: 2.22-cr-00013

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. You shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines you have the financial ability to do so or have appropriate insurance coverage to pay for such treatment

2 You must not use or possess any controlled substances without a valid prescription If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription

3 You shall promptly advise the United States Probation Office of the name and contact information for any physician who prescribes any controlled substance and agree to execute a release of information form so that medical records may be obtained from such physician.

4 You shall participate in a mental health program as directed by the United States Probation Office You shall pay all or part of the cost of mental health treatment if the United States Probation Office determines you have the financial ability to do so or have appropriate insurance coverage to pay for such treatment.

5 You must take all mental health medications that may be prescribed by your treating physician

6 You shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request, until such time as all financial obligations of the judgment are satisfied

7 You shall pay restitution in an amount totaling $30,000 to the following
"April", Restore the Child I/T/F April, Restore the Child PLLC, 2522 N Proctor Street, Suite 85, Tacoma, WA 98406, $3,000
"Maria", Carol L Hepburn I/T/F Maria, Carol L Hepburn, P O Box 17718, Seattle, WA 98127, $3,000
"Eliza", Jones Day I/T/F Eliza, Jones Day, Attn Schuyler A. Leffler, 500 Grant Street, Suite 4500, Pittsburgh, PA 15219, $3,000
"Jenny", Marsh Law Firm PLLC I/T/F Jenny, Marsh Law Firm, PLLC, Attn Jenny, P O Box 4668 #65135, New York, NY 10163, $3,000
"Maureen", Deborah A Bianco I/T/F Maureen, Deborah A Bianco, P O Box 6503, Bellevue, WA 98008, $3,000
"Sarah", Carol L Hepburn I/T/F Sarah, Carol L Hepburn, P O Box 17718, Seattle, WA 98127, $3,000
"Pia", Deborah A Bianco I/T/F Pia, Deborah A Bianco, P O Box 6503, Bellevue, WA 98008, $3,000
"Sloane", Carol L. Hepburn I/T/F Sloane, Carol L Hepburn, P O Box 17718, Seattle, WA 98127, $3,000
"Lily", Carol L Hepburn I/T/F Lily, Carol L Hepburn, P O Box 17718, Seattle, WA 98127, $3,000
"Alex", Restore the Child I/T/F Alex, Restore the Child PLLC, 2522 N Proctor Street, Suite 85, Tacoma, WA 98406, $3,000
Payments shall be submitted to the Clerk, United States District Court, 719 Church Street, Suite 1300, Nashville, TN 37203. Restitution is due immediately If you are incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program Should there be any unpaid balance when supervision commences, you shall pay the remaining restitution at a minimum monthly rate of 10 percent of your gross monthly income No interest shall accrue as long as you remain in compliance with the payment schedule ordered Pursuant to 18 U S C § 3664(k), you shall notify the court and United States Attorney of any material change in economic circumstances that might affect ability to pay

8 You shall not incur new debt or open additional lines of credit without prior approval of the United States Probation Office until all monetary sanctions are paid

9 You shall not have any contact, other than incidental contact in a public form such as in a restaurant, grocery store, etc , with any person under the age of 18 without prior approval of the probation officer, which shall not be withheld unreasonably and is subject to Court oversight Any approved contact shall be supervised by an adult at all times The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party If you have any contact with any child (person under the age of 18 years old), not otherwise addressed in this condition, you are required to immediately remove yourself from the situation and notify the probation office within 24 hours

10 You shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct You shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct, as defined in 18 U S C § 2256(2)

11 You shall not possess or use a device capable of creating pictures or video without the prior permission of the United States Probation Office, which shall not be withheld unreasonable and is subject to Court oversight.

12 You shall register as a sex offender as prescribed by state and federal law

13 You shall submit to a sex offender assessment and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Court

14 You shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the United States Probation Office This includes any internet service provider, bulletin board system, or any other public or private network or email system Your residence shall not contain any electronic devices capable of internet access without prior approval of the probation officer, which shall not be withheld unreasonably and is subject to Court oversight

15 You shall consent to the United States Probation Office conducting unannounced examinations of your computer system(s), mobile devices, and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection You will consent to having installed on your computer(s), any hardware/software to monitor computer use or prevent access to particular materials You will further consent to periodic inspection of any such installed hardware/software to ensure it is functioning properly You shall pay the cost of the installation of and the continuing use of the monitoring program

16 You shall provide the United States Probation Office with accurate information about your entire computer system (hardware/software) and internal/external storage devices, all passwords used, and will abide by all rules regarding computer use and restrictions as provided by the United States Probation Office

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER: 2 22-cr-00013

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400 00 | $ 30,000 00 | $ 0 00 | $ 0 00 | $ 5,000.00 |

☐ The determination of restitution is deferred until ____________ An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "April", Restore the Child I/T/F April | $3,000 00 | $3,000 00 | |
| Restore the Child, PLLC | | | |
| 2522 N Proctor St , Tacoma, WA 98406 | | | |
| "Maria", Carol L Hepburn I/T/F Maria | $3,000 00 | $3,000 00 | |
| Carol L Hepburn | | | |
| P O Box 17718, Seattle, WA 98127 | | | |
| "Eliza", Jones Day I/T/F Eliza | $3,000 00 | $3,000 00 | |
| Jones Day, Attn Schuyler A Leffler | | | |
| 500 Grant St , Suite | | | |
| Pittsburgh, PA 15219 | | | |
| **TOTALS** | $ 30,000 00 | $ 30,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U S C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U S C § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that.

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub L No 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER: 2 22-cr-00013

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Jenny", Marsh Law Firm PLLC I/T/F Jenny | $3,000 00 | $3,000 00 | |
| Marsh Law Firm, PLLC, Attn. Jenny | | | |
| P O Box 4668, #65135, New York, NY 10163 | | | |
| "Maureen", Deborah A Bianco I/T/F Maureen | $3,000 00 | $3,000 00 | |
| Deborah A Bianco | | | |
| P O Box 6503, Bellevue, WA 98008 | | | |
| "Sarah", Carol L Hepburn I/T/F Sarah | $3,000 00 | $3,000 00 | |
| Carol L Hepburn | | | |
| P O Box 17718, Seattle, WA 98127 | | | |
| "Pia", Deborah A Bianco I/T/F Pia | $3,000 00 | $3,000 00 | |
| Deborah A Bianco | | | |
| P.O Box 6503, Bellevue, WA 98008 | | | |
| "Sloane", Carol L Hepburn I/T/F Sloane | $3,000 00 | $3,000 00 | |
| Carol L Hepburn | | | |
| P O Box 17718, Seattle, WA 98127 | | | |
| "Lily", Carol L Hepburn I/T/F Lily | $3,000 00 | $3,000 00 | |
| Carol L Hepburn | | | |
| P O Box 17718, Seattle, WA 98127 | | | |
| "Alex", Restore the Child I/T/F Alex | $3,000 00 | $3,000 00 | |
| Restore the Child, PLLC | | | |
| 2522 N Proctor Street, Suite 85 | | | |
| Tacoma, WA 98406 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996

DEFENDANT: JIMMY RAY NEAL
CASE NUMBER: 2 22-cr-00013

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ____________ due immediately, balance due

☐ not later than ________________ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below, or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ *(e g , weekly, monthly, quarterly)* installments of $ ______ over a period of ________ *(e g , months or years)*, to commence ________ *(e g , 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e g , weekly, monthly, quarterly)* installments of $ ______ over a period of ________ *(e g , months or years)*, to commence ________ *(e g , 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e g , 30 or 60 days)* after release from imprisonment The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s).

☑ The defendant shall forfeit the defendant's interest in the following property to the United States.
The property described in the Preliminary Order of Forfeiture at Doc No 54, which is now final as to Defendant.

Payments shall be applied in the following order. (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs